UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

STEVEN HOOD, #08248-028,

    Petitioner,

v.                                                              Action No. 2:18cv692

MARK BOLSTER,
Acting Warden,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Petitioner Steven Hood ("Hood"), a federal inmate convicted and sentenced in the Southern District of Indiana, and housed in the Federal Correctional Center in Petersburg, Virginia, filed a *pro se* petition, pursuant to 28 U.S.C. § 2241. ECF No. 1. Hood alleges he was denied due process when, following a disciplinary hearing held February 14, 2018, he did not receive a written statement by the disciplinary hearing officer regarding the evidence relied upon and the reasons for the disciplinary action. ECF No. 1 at 2, 6; ECF No. 2 at 2–4.[1]

This matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Local Rules of the United States

---

[1] Hood has filed three petitions pursuant to section 2241 alleging he was denied due process when respondent failed to provide him with a written statement by the disciplinary hearing officer regarding the evidence relied upon and the reasons for the disciplinary action. Action No. 2:18cv692 (disciplinary hearing held on February 14, 2018); Action No. 2:19cv26 (disciplinary hearing held on December 19, 2012); and Action No. 2:19cv27 (disciplinary hearing held on July 29, 2011). The petitions filed in action nos. 2:18cv26 and 2:19cv27 will be addressed separately.

District Court for the Eastern District of Virginia. The undersigned **RECOMMENDS** that respondent's motion to dismiss, ECF No. 8, be **GRANTED**, and the petition for a writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE**.

## I.    STATEMENT OF THE CASE

Hood is a federal inmate who was convicted following his guilty plea in the Southern District of Indiana of conspiracy to distribute 500 grams or more of methamphetamine. ECF No. 1; *United States v. Perez*, 2:06cr8 (S.D. Ind. May 5, 2008) (judgment docketed in CM/ECF Jan. 30, 2013). Hood was sentenced on May 5, 2008, to 360 months in prison. *Id.* Hood is currently in custody in the Federal Correctional Center in Petersburg, Virginia, where the disciplinary proceedings that give rise to the petition occurred. ECF No. 1 at 1.

### A.    Hood's disciplinary hearing process.

In January 2018, Hood was placed in the special housing unit after prison officials found contraband in the common area of his cell. ECF No. 13 at 2. Officer W. Fleek signed an incident report on January 27, 2018, stating:

> On 01/27/18 at approximately 11:40 am, I was searching cell 54 when I opened the light fixture and took out the middle piece between the 2 light bulbs. Inside I found 2 cell phones and 2 cell phone chargers and 1 T-Mobile Simcard.

ECF No. 9-1 at 7.[2] Officer Fleek charged Hood with a violation of the Bureau of Prisons ("BOP") disciplinary code 108, possession, manufacture, or introduction of a hazardous tool (cellphone). *Id.* at 2, 7.

---

[2] The Court may consider the reports attached to respondent's motion to dismiss without converting the motion into one for summary judgment, because the documents are integral to Hood's claims, referenced in his petition, and their authenticity is not in dispute. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 587, 606-07 (4th Cir. 2016).

On January 30, 2018, Lieutenant K. Beck conducted an investigation. *Id.* at 8. When Lt. Beck questioned Hood regarding the incident, Hood stated, "I told the Lieutenant that day that the phone and accessories were mine and my cellie didn't know [a]bout them being there." *Id.*; Hood Decl. ¶ 9 ("I again told Lieutenant Beck that the contraband found was mine and that my cellmate knew nothing about it."). Lt. Beck concluded that the facts described by Officer Fleek, and quoted above, were true and supported a charge for a violation of code 108. ECF No. 9-1 at 8.

On February 2, 2018, Hood appeared before the Unit Discipline Committee ("UDC"). *Id.* at 2, 7. With respect to the incident, Hood stated, "It is mine. Brown had nothing to do with it." *Id.*; Hood Decl. ¶ 10 ("I again stated to the UDC that my cellmate knew nothing about the contraband found."). Due to the severity of the offense, the UDC chairman referred the incident to the Discipline Hearing Officer ("DHO"). ECF No. 9-1 at 7.

The same day, J. Vukelich provided Hood with a "Notice of Discipline Hearing Before the (DHO)," which Hood signed. *Id.* at 10. The notice indicated Hood was charged with possession of a hazardous tool, a code 108 violation. *Id.* The notice further advised Hood that, during the hearing, he would have a right to have a staff member represent him, to call witnesses, and to present documentary evidence. *Id.* Hood indicated that he did not wish to have a staff representative at the hearing, and he did not wish to have witnesses present. *Id.*

On February 14, 2018, Hood appeared before DHO J. Steamer. *Id.* at 3, 12–13. Hood waived his right to a staff representative, and the right to present witnesses. *Id.* at 12. DHO Steamer summarized Hood's statement as follows:

> Inmate Hood acknowledged receipt of a copy of the report and understanding his rights before the DHO. He noted he was not served the incident report within 24 hours of when staff became aware of the incident. He was advised that the DHO determined this delay did not impede [] his ability to have a fair hearing. He did not raise any other issues or concerns with the discipline process.

> Inmate Hood made this initial statement: "I admit to the charge. The cellphones were mine. My roommate Brown did not know anything about it."

*Id.*; Hood Decl. ¶ 12 ("despite my innocence and consistent with my conversation with my cellmate . . . I took responsibility for the contraband that was said to have been found in a common area of my cell.").

DHO Steamer found Hood guilty of the charge, and discussed the specific evidence considered in making the finding, including Officer Fleek's incident report, and Hood's admission of guilt. ECF No. 9-1 at 13. The DHO sanctioned Hood to the following: (1) disallowance of 41 days of good conduct time; (2) placement in 30 days of disciplinary segregation; and (3) loss of telephone privileges for 6 months. *Id.* The DHO explained the punishment, including that, "[p]ossession of a cellular telephone threatens the orderly operation of the institution," and "[s]anctions were imposed in an effort to impress on you the gravity of your actions and hopefully deter you from such actions in the future." *Id.*

Hood requested a copy of the DHO report on April 30, 2018. ECF No. 2-2. While the DHO report was signed on October 17, 2018, it was not delivered to Hood until April 17, 2019, after respondent was served with Hood's federal petition. ECF No. 7; ECF No. 9-1 at 13. At 9:00 a.m. on April 17, 2019, DHO Secretary Jillian Anspach delivered a copy of the DHO report to Hood. Declaration of Jillian Anspach ¶ 15, ECF No. 9-1 at 4.

**B.    Hood filed a petition for a writ of habeas corpus when he did not receive a copy of the DHO report.**

On December 28, 2018, Hood filed a section 2241 petition for a writ of habeas corpus asserting that he had been unable to appeal the DHO's decision, because the BOP would not accept an appeal without a copy of the DHO report, and he had received no response to his request for a copy of the DHO report. ECF No. 1 at 8; ECF No. 2 at 2; ECF No. 2-2. Hood seeks expungement

4

of the incident report and restoration of 41 days of good conduct time credit. ECF No. 1 at 8. Respondent was served with a copy of the petition on April 11, 2019, and a copy of the DHO report was provided to Hood on April 17, 2019. ECF Nos. 7, 9-1.

On June 10, 2019, respondent filed a motion to dismiss the petition. ECF No. 8. Respondent asserts that Hood's receipt of the DHO report effectively remedied any violation of his rights, and rendered his habeas petition moot, ECF No. 9 at 9–10; Hood was afforded all due process rights to which he is entitled during his disciplinary hearing, *id.* at 10–11; Hood has failed to show that he was prejudiced by the delayed receipt of the DHO report, *id.* at 12–14; and Hood has not exhausted his administrative remedies, *id.* at 14–16. Thus, the respondent asked that Hood's habeas petition be dismissed, or in the alternative, that summary judgment be entered in favor of the respondent. *Id.* at 16.

Hood filed an opposition to the motion to dismiss on August 15, 2019. ECF No. 13. Hood asserts respondent violated his due process rights by: (1) failing to provide notice of the charges against him 24 hours before the hearing; and (2) failing to provide him with a written statement of the evidence relied on, and the reasons for the disciplinary action. *Id.* at 8–11.

Hood filed a supplement to the opposition on September 9, 2019, citing the Fourth Circuit decision in *Lennear v. Wilson*, 937 F.3d 257 (4th Cir. 2019). ECF Nos. 13–14.

C.  **Hood received the DHO report after filing his habeas petition, and is currently pursuing his appeal.**

Hood received a copy of the DHO report on April 17, 2019. ECF No. 9-1 at 13. Upon delivery, Hood was notified that he could appeal the DHO's findings within 20 calendar days. *Id.* Hood appealed the DHO's findings by filing a Regional Administrative Remedy Appeal on April 29, 2019. ECF No. 9-1 at 5, 16.

The Mid-Atlantic Regional Office closed the appeal on May 28, 2019. *Id.* Hood next filed a Central Office Administrative Remedy Appeal to the BOP Central Office on July 15, 2019. ECF No. 13 at 12, ECF No. 13-2 at 1. As of August 15, 2019, when Hood filed his opposition to the motion to dismiss, he had not received a ruling on his appeal. ECF No. 13 at 13.

## II. ANALYSIS

Federal prisoners must exhaust their administrative remedies prior to filing federal habeas petitions. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004); *see also Timms v. Johns*, 627 F.3d 525, 530-31 (4th Cir. 2010). Administrative exhaustion "protects 'administrative agency authority,'" ensuring that agencies have an opportunity to correct mistakes and discouraging disregard of agency procedures. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Additionally, because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court," exhaustion promotes judicial efficiency. *Id.*

Because Hood is proceeding with his administrative appeal, his petition should be **DISMISSED WITHOUT PREJUDICE** to completing his administrative appeal process.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that respondent's motion to dismiss, ECF No. 8, be **GRANTED**, and Hood's petition for a writ of habeas corpus, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE**.

## IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
December 2, 2019

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

>Steven Hood, #08248-028
>FCI Petersburg
>Inmate Mail
>P.O. Box 1000
>Petersburg, VA 23804

Fernando Galindo, Clerk

By _____
Deputy Clerk

December 3, 2019

8